# 23-0857-cv

## United States Court of Appeals

*for the*

## Second Circuit

DBW INVESTMENTS, LLC, GOLOCK CAPITAL, LLC,

*Plaintiffs-Counter Defendants-Appellees,*

– v.–

VNUE, INC.,

*Defendant-Counter Claimant-Appellant,*

CROSSOVER CAPITAL FUND II, LLC, DAVID WHITLOCK,
CHRISTOPHER GOROG, KENNETH LUSTIG,

*Counter Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFFS-APPELLEES

DANIEL S. STEINBERG
THE LAW OFFICES OF
    DANIEL S. STEINBERG P.C.
*Attorneys for Plaintiffs-Appellees*
355 Lexington Avenue, Suite 401
New York, New York 10017
(212) 666-3316

CP COUNSEL PRESS    (800) 4-APPEAL • (324854)

# Table of Contents

Table of Authorities ............................................................................................ iii

Preliminary Statement ...........................................................................................1

Issue Presented for Review ...................................................................................3

Statement of the Case ............................................................................................3

Statement of the Facts ...........................................................................................5

    A.    The Action. ...................................................................................7

    B.    The Trial. .....................................................................................8

    C.    The Judgment and VNUE's New Objection. ........................................9

Summary of Argument..........................................................................................10

Standard of Review ...............................................................................................11

Argument...............................................................................................................12

    THE UNCHALLENGED EVIDENCE AT TRIAL WAS
    THAT DEFENDANT NEVER ISSUED THE WARRANTS
    AND THAT PLAINTIFFS SUSTAINED DAMAGES ..............................12

    A.    The District Court Correctly Rejected Defendant's
         Erroneous and Belated Objection Respecting Non-
         Exercise of Warrants that Defendant Never Issued. ...........................14

    B.    Defendant's Objection to the Award of Damages in
         Connection with the Warrants is Unpreserved for Appellate
         Review. ..........................................................................................17

i

C. There is no Manifest Injustice in the Damages Awarded to Plaintiffs for Defendant's Non-Delivery of the Warrants. ..............................................................................19

Conclusion ....................................................................................................20

## Table of Authorities

### Federal Cases

*Anderson v. City of Bessemer*,
    470 U.S. 564 (1985)......................................................................................11

*Andritz Hydro Canada, Inc. v. Rochester Gas*,
    2023 U.S. App. LEXIS 26309, 2023 WL 6458633 (2d Cir. Oct. 4,
    2023) .......................................................................................................18

*Clarex Ltd. v. Natixis Sec. Ams. LLC*,
    Case No. 12-cv-7908, 2014 U.S. Dist. LEXIS 121335, 2014 WL
    4276481 (S.D.N.Y. Aug. 29, 2014)..................................................................19

*Diamond v. ShiftPixy, Inc.*,
    Case No. 20-cv-7305, 2021 U.S. Dist. LEXIS 135478, 2021 WL
    3085405 (S.D.N.Y. July 19, 2021) ..................................................................19

*Greene v. United States*,
    13 F.3d 577 (2d Cir. 1994) ...........................................................................17

*Hartford Roman Cath. Diocesan Corp. v. Interstate Fire & Cas. Co.*,
    905 F.3d 84 (2d Cir. 2018) ...........................................................................12

*Hermanowski v. Acton Corp.*,
    580 F. Supp. 140 (E.D.N.Y. 1983), *rev'd in part*, 720 F.2d 921 (2d
    Cir. 1984) ................................................................................................19

*LCS Grp., LLC v. Shire Dev. LLC*,
    2022 U.S. App. LEXIS 11212, 2022 WL 1217961 (2d Cir. Apr.
    26, 2022) .................................................................................................18

*Mago Int'l v. LHB AG*,
    833 F.3d 270 (2d Cir. 2016) .........................................................................17

*In re Nortel Networks Corp. Sec. Litig.*,
    539 F.3d 129 (2d Cir. 2008) .....................................................................17, 19

*Oscar Gruss & Son, Inc. v. Hollander*,
    337 F.3d 186 (2d Cir. 2003) .........................................................................12

*R.F.M.A.S., Inc. v. Mimi So*,
    640 F. Supp. 2d 506 (S.D.N.Y. 2009) .................................................................16

*Republic of Turkey v. Christie's Inc.*,
    62 F.4th 64 (2d Cir. 2023) ..................................................................................11

*Sacerdote v. N.Y. Univ.*,
    9 F.4th 95 (2d Cir. 2021) ....................................................................................11

*Siemens Energy, Inc. v. De Venezuela*,
    82 F.4th 144 (2d Cir. 2023) ...........................................................................11, 17

*Suber v. VVP Servs., LLC*,
    Case No. 20-cv-8177, 2022 U.S. Dist. Lexis 103518, 2022 WL
    2078197 (S.D.N.Y. June 9, 2022) .......................................................................16

*United States v. Gomez*,
    877 F.3d 76 (2d Cir. 2017) ..................................................................................17

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992) ..............................................................................16

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) ..................................................................................17

*Wu Lin v. Lynch*,
    813 F.3d 122 (2d Cir. 2016) ................................................................................11

## State Cases

*Adar Bays, LLC v. GeneSYS ID, Inc.*,
    37 N.Y.3d 320 (2021) ......................................................................................4, 7

## Federal Statutes

Racketeer Influenced and Corrupt Organizations Act ...............................................7

## Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................7

Fed. R. Civ. P. 52(a)(6) ...............................................................................11

Fed. R. Civ. P. 59(e) ..............................................................................5, 16

Fed. R. Civ. P. 60(b) ...................................................................................16

# Preliminary Statement

By this appeal, defendant-appellant VNUE, Inc. ("VNUE") seeks for the first time to brief and argue an issue that it waived in the district court. In the proceedings below, the sole disputed issue was VNUE's affirmative defense of usury interposed in an attempt to avoid repaying a series of loans that VNUE solicited and obtained from plaintiffs. Following a bench trial, the court denied that defense and awarded plaintiffs judgment on their otherwise uncontested claims for breach of contract. On this appeal, VNUE has abandoned the usury defense.

The issue that VNUE now raises was an afterthought that it never pursued at trial. VNUE objects to the damages awarded to plaintiffs based on the value of common stock purchase warrants that VNUE refused to issue or honor. The warrants were additional consideration that VNUE agreed to issue to plaintiffs when it could not and did not repay the outstanding and overdue loans. The unchallenged evidence at trial was that VNUE failed to issue or honor the warrants and that, consequently, plaintiffs sustained damages. VNUE neither offered conflicting evidence nor contended that plaintiffs' damages should be anything other than as calculated by plaintiffs. Thus, when after trial VNUE in a letter objected for the first time to the damages on the basis that plaintiffs had not exercised the warrants, the court properly ruled the objection untimely.

VNUE's appeal fails to present a basis to disturb the district court's ruling respecting the untimely objection. Its contention that there is no evidence to support plaintiffs' claim of breach of contract is belied by the unchallenged testimony of David Whitlock ("Whitlock"), the managing member of each plaintiff, which, together with documents, established the obligations to deliver the warrants and VNUE's breach. Moreover, Whitlock's calculation of the value of the warrants and plaintiffs' damages went entirely unchallenged by VNUE. That was not by accident; it was a deliberate decision by VNUE to press the issue of usury rather than delve into evidence of its repeated breaches of its contractual obligations and other issues on which it could not possibly hope to prevail.

The determination that the new objection was untimely was well within the district court's discretion. Although VNUE had pressed a variety of aggressive defenses and counterclaims to escape its loan obligations, it never once raised the objection respecting the warrants in advance of or during the trial. Moreover, the objection was nothing more than an informal contention, offered in one paragraph of a letter and without any authority for the proposition.

Moreover, VNUE's untimely objection, is unpreserved for this Court's review. Indeed, VNUE does not, because it cannot, offer a valid explanation for why it failed timely to raise the objection to the court below. The truth is that it

does not have a valid explanation because it deliberately opted to forego the issue in favor of its failed defense of usury.

VNUE also fails to demonstrate a manifest injustice absent appellate review of the unpreserved issue respecting the warrants. Its arguments rely on conjecture and speculation rather than the simple, direct, and unchallenged evidence of its failure to issue or honor the warrants and the damages accordingly sustained by plaintiffs.

The judgment of the district court should, in all respects, be affirmed.

## Issue Presented for Review

Whether the district court properly accepted plaintiffs' calculation of its damages for non-delivery of common stock purchase warrants where the issue at trial was uncontested by defendant and only raised for the first time in a letter objecting to entry of a judgment for the uncontested amounts?

## Statement of the Case

This appeal arises from an action by plaintiffs-appellees DBW Investments, LLC and Golock Capital, LLC ("DBW," "Golock," and together "plaintiffs") to collect long overdue loans, some of which date from 2017. Defendant-appellant VNUE, Inc. ("VNUE") invoked various aggressive tactics, including

counterclaims, in an attempt to escape repayment. By the time of trial, however, the only defense that remained and, indeed, the only disputed issue, was whether the loans were void *ab initio* under New York usury laws. *See Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320, 331 (2021). Following a bench trial at which VNUE called an expert but no fact witnesses, the court (Denise Cote, J.) issued an opinion and order ruling that VNUE had failed to prove its affirmative defense of usury and that, consequently, plaintiffs were entitled to a judgment on their claims for breach of contract. From the opinion and order, VNUE appealed. A-1146.[1]

Notwithstanding VNUE's tactics below, the broad appeal that it noticed, or the comprehensive appendix that it filed, none of VNUE's defenses or counterclaims is raised by the instant appeal. The only issue presented concerns damages awarded to plaintiffs with respect to two common stock purchase warrants that VNUE indisputably failed to issue or honor.

VNUE never raised an issue of the warrants in advance of or during the trial. Thus, the evidence respecting the warrants, including plaintiffs' damages, went unchallenged and undisputed. To the extent that an issue of the warrants arose at all, it was only in an "eleventh-hour" letter submitted by VNUE objecting without legal authority to a proposed judgment prepared and submitted by plaintiffs at the

---

[1] Citations to "A-___" are to the Appendix filed by VNUE. Citations to "SPA-___" are to the Special Appendix which contains the opinion and order from which VNUE appealed.

court's direction. A-1200. The court rejected VNUE's new objection as untimely, A-1203-1204, and entered judgment for the uncontested damages proven at trial. A-1205-1207.

After entry of the judgment, VNUE did not pursue further the issue of the damages related to the warrants. It neither sought relief by motion pursuant to Federal Rule of Civil Procedure 59(e) (motion to alter judgment) nor 60(b) (motion for relief from judgment). Consequently, the issue raised by the instant appeal, which was uncontested below until VNUE's untimely letter, never was briefed below.

## Statement of the Facts

This case concerns seven loans made by plaintiffs to VNUE totaling $341,081. SPA-32-34, A-1127. The first six were made from September 2017 through February 2018, with the seventh loan made twenty months later in November 2019. That VNUE solicited and received the loans is undisputed. A-1125 at ¶10, SPA-5, 8. The loans were secured by seven convertible promissory notes and are subject to New York law.

VNUE was unable to repay the first six loans as they became due. SPA-7. Consequently, the parties twice agreed to extensions of the loans pursuant to amendments. SPA-7-8, SPA-33-34. Among other things, the amendments

changed the terms of the conversion options of the promissory notes to enable

plaintiffs to recoup at least some of the funds loaned to VNUE. A-1128, A-896.

The second set of amendments also provided for the issuance to plaintiffs of

common stock purchase warrants. SPA-8, SPA-33-34, A-99-100 at ¶7. A-140-141

at ¶7.

Once it became clear that VNUE would not be repaying the loans, plaintiffs,

in May 2019, began slowly to convert principal and interest into shares of VNUE

stock. Over a seven month period, plaintiffs issued five notices of conversion

totaling $24,387.50 ($23,101.55 of principal and $1,285.95 of interest). SPA-8.

During 2019, VNUE also made two interest payments of $5,874.00 and $2,517.00.

SPA-8. In December 2019, however, VNUE acted to prevent plaintiffs from

further exercising the conversion options. SPA-10, A-828 (PTO Stip. Facts 7-9).

It discharged its stock transfer agent (which had been contractually bound to issue

shares to plaintiffs on receipt of notices of conversion) and refused to authorize its

new transfer agent to honor plaintiffs' conversion notices. A35-36. Eventually, it

also engaged a Florida attorney who, notwithstanding clear contrary authority in

the Southern District of New York, erroneously opined that the promissory notes

were unenforceable because plaintiffs were not registered broker dealers. *See, e.g.*,

Dkt. No. 56 at 6-11 (discussing controlling authority). Plaintiffs were left with no

choice but to sue.

## A. The Action.

Plaintiffs commenced the underlying action on September 30, 2021. A-3. Ten days later, the New York State Court of Appeals handed down *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320 (2021), which entailed a substantial change in New York usury law as it applies to convertible promissory notes. A-17 at ¶5. Consequently, plaintiffs filed an amended complaint on December 2, 2021. A-3; *see also* A-17 at ¶5.

VNUE responded by aggressively seeking to avoid having to repay the loans. In addition to asserting the defense of usury, A-342, VNUE eventually interposed counterclaims for, *inter alia*, violations of securities laws and the Racketeer Influenced and Corrupt Organizations Act.

The counterclaims were dismissed on plaintiffs' motion made pursuant to Federal Rule of Civil Procedure 12(b)(6). The opinion and order of the court (Denise Cote, J.) dismissing the counterclaims is at A-536-544 of the Appendix. VNUE has not pursued appellate review of that dismissal.

In addition to dismissing the counterclaims, the court (Denise Cote, J.) also denied two motions by VNUE for partial summary judgment and a motion *in Limine*. *See* A-545-551, 851, 852. None of those opinions and orders is challenged by VNUE on this appeal.

**B.    The Trial.**

After a good deal of stalling and legal maneuvering by VNUE , all that remained in dispute for trial was VNUE's affirmative defense of usury.  *See* A-851.  The issue was tried to the court on May 23, 2023.  A-866-989.  Direct testimony was taken by declarations.  David Whitlock, the managing member of both plaintiffs, was the only fact witness.  Both sides called expert witnesses.

Following the trial, the court (Denise Cote, J.) on June 1, 2023 issued an opinion and order finding, *inter alia*, that VNUE had failed to carry its burden of proof on the affirmative defense of usury.  SPA-1-34.  Although VNUE appealed from the opinion and order, A-1146, its brief abandons any challenge to the court's determination as to usury.  As limited by its brief, VNUE appeals only the court's findings respecting plaintiffs' damages for VNUE's failure to deliver and honor the stock purchase warrants pursuant to the second set of amendments by which the terms for repayment of the subject loans were extended.  *See generally* Ap. Br.  Hence, while the affirmative defense of usury was the sole contested issue at trial, it is not an issue on this appeal.

Given the circumstances below, the district court's opinion and order focusses almost entirely on VNUE's defense of usury.  As to the warrants, where there were no contested issues, the court found that:

> the Second Amendments required VNUE to issue
> Common Stock Purchase Warrants ("Warrants") to both

> Golock and DBW for a specified number of Shares at
> $0.00475 per share.  Pursuant to the Warrants, Golock
> was to receive 12,833,333 shares, and DBW was to
> receive 2,966,986 shares.

SPA-8.  Further, the court found that:

> although the Plaintiffs tried to obtain shares under the
> Warrants pursuant to the Second Amendments, VNUE
> also refused to allow the Warrants to be exercised and
> never issued these shares to the Plaintiffs.

SPA-10.  Thereafter, the court adopted the uncontested damage amounts calculated

by David Whitlock.  SPA-10-11 ("Upon factoring in the Second Amendments and

the value of the Warrants VNUE was to issue to the Plaintiffs, the Plaintiffs

calculate the damages as…").

## C.    The Judgment and VNUE's New Objection.

Together with its opinion and order, the court directed plaintiffs to file a

proposed judgment.  A-1144.  Plaintiffs filed a proposed judgment on June 9, 2023

and a revised proposed judgment on June 14, 2023.  A-1181, 1187.  As to the

warrants, both versions included the uncontested damage amounts that were

received in evidence at trial.  *Compare* A-994 *with* 1184, 1185, 1190, 1191.

Notwithstanding that it did not contest the calculation at trail, VNUE submitted a

letter to the court, dated June 14, 2023, wherein for the first time it objected to the

awarding of damages pursuant to the warrants.  A-1200.

The court ruled that VNUE's objection to the damages was untimely. *See* A-1203-1204. Consequently, the court, on June 16, 2023, signed plaintiffs' revised judgment. A-1205-1207. Thereafter, on July 5, 2023, the court amended the judgment to include an award of attorneys' fees. A-15 (Dkt. No. 153). On this appeal, VNUE does not seek review of the imposition of attorneys' fees. As already noted, the only issue raised by the appeal is the damages related to the non-issuance of the warrants, an issue that VNUE never raised at trial.

## Summary of Argument

Contrary to that claimed by VNUE, the district court's findings are supported by the evidence at trial. Although that evidence may appear limited, the issue that VNUE now raises was not previously contested. Hence, there was no reason at trial to delve deeply into the issue that VNUE now attempts to pursue by appeal.

The district court acted within its discretion in denying as untimely VNUE's objection to the damages awarded for the warrants that VNUE refused to issue or honor. The objection, raised for the first time after trial in response to plaintiff's submission of a proposed judgment, could and should have been raised in advance of or, at least, during the trial.

VNUE's objection to the damages awarded in connection with the warrants is unpreserved for appellate review. The objection only was made in a single paragraph of a letter and without any legal authority. Even on appeal, VNUE does not offer an explanation for its failure timely to present the objection. Likewise, it does not and cannot demonstrate a manifest injustice on account of the award of damages for its failure to honor and discharge its contractual obligations.

## Standard of Review

Following a bench trial, a district court's findings of fact are reviewed for clear error. *Siemens Energy, Inc. v. De Venezuela*, 82 F.4th 144, 153 (2d Cir. 2023); *Republic of Turkey v. Christie's Inc.*, 62 F.4th 64, 69-70 (2d Cir. 2023); *see also* Fed. R. Civ. P. 52(a)(6). The clear error standard requires that the district court's factual findings be accepted unless the Court is left with the definite and firm conviction that a mistake has been committed. *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 119 (2d Cir. 2021). "Clear error might occur, for example, if the district court points to no evidence whatsoever to substantiate a finding of fact or if the finding is contradicted by incontrovertible evidence." *Siemens Energy, Inc.*, 82 F.4th at 153 (citing *Wu Lin v. Lynch*, 813 F.3d 122, 127 (2d Cir. 2016)). But "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety," the Court "may not reverse it." *Anderson v. City of*

*Bessemer*, 470 U.S. 564, 573-74 (1985).  Conclusions of law and mixed questions of law and fact, on the other hand, are reviewed *de novo*.  *Hartford Roman Cath. Diocesan Corp. v. Interstate Fire & Cas. Co.*, 905 F.3d 84, 88 (2d Cir. 2018); *see also Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003) ("Although the amount of recoverable damages is a question of fact, the measure of damages upon which the factual computation is based is a question of law." (internal quotation marks omitted)).

## Argument

### THE UNCHALLENGED EVIDENCE AT TRIAL WAS THAT DEFENDANT NEVER ISSUED THE WARRANTS AND THAT PLAINTIFFS SUSTAINED DAMAGES

Contrary to the position adopted by VNUE on this appeal, the unchallenged evidence at trial established that VNUE failed to deliver the warrants and that, consequently, plaintiffs suffered damages.  David Whitlock ("Whitlock"), the managing member of both plaintiffs, was the only fact witness to testify.  His direct testimony, presented by sworn declaration, covered the obligation to issue the warrants (A-1128 at ¶¶18-19 referencing the second set of amendments received in evidence as Pl. Exhs. 10 and 12 (A-99-100 at ¶7 and A-140-141 at ¶7)), the non-issuance of the warrants (A-1128 at ¶19), and damages (A-1135 at ¶44 referencing a damage calculation received in evidence as Pl. Ex. 15 (A-992-994)).

Although VNUE received Whitlock's testimony and damage calculation in advance of trial, it declined to cross-examine on the issue of the warrants or the resulting damages. *See, e.g.*, A-870-873, 886-800; *see also* A-881-885 (VNUE's objections to portions of the Whitlock declaration). Moreover, VNUE chose not to call any fact witnesses at trial, let alone one to refute Whitlock's testimony respecting the warrants, damages, or any other issue. That choice reflected the reality that VNUE had absolutely no hope of establishing its proposed findings of fact respecting delivery of the warrants. *See* A-753 at ¶22 and A-756 at ¶39 (both erroneously asserting that "VNUE delivered" the warrants).

Furthermore, VNUE presented absolutely no argument at trial, as it does now on appeal, that there was conflicting evidence respecting the non-delivery of the warrants. VNUE's 10-k public filing, to which VNUE now cites in support of its appeal, Ap. Br. at 20, neither was marked as an exhibit nor even referenced by VNUE at trial. Had VNUE attempted to pursue the issue at trial, it could not reasonably have expected to demonstrate that it had discharged its obligation to issue the warrants. Likewise, had it sought to make an issue of the non-exercise of the warrants, it would have had to contend with the irrefutable facts that there were no warrants issued for plaintiffs to exercise and that VNUE had acted to prevent the issuance of any shares to plaintiffs. Attempting to make either of these arguments now, for the first time on appeal, is disingenuous.

That VNUE did not at trial dispute the non-delivery of the warrants or the damages calculated by plaintiffs does not mean that it conceded liability respecting non-delivery of the warrants. Rather, its strategy was to defend solely on the basis of usury. *See* A-762 (contending that the court conclude on the basis of usury that all of VNUE's obligations, "including but not limited [to] the common stock warrants granted to Plaintiffs under the Amendments" be "null, void, and unenforceable"). The usury defense failed and is not raised on appeal. Accordingly, the undisputed evidence was and remains that VNUE failed to deliver the warrants pursuant to the amendments and that plaintiffs, consequently, sustained damages.

## A. The District Court Correctly Rejected Defendant's Erroneous and Belated Objection Respecting Non-Exercise of Warrants that Defendant Never Issued.

VNUE never contended that plaintiffs had not exercised the warrants until after the trial had concluded and the court had ruled that "[t]he interest rates were not usurious, and judgment is awarded to the Plaintiffs, including an award of attorneys' fees." SPA-2. Together with its opinion after trial, the court ordered plaintiffs to file a proposed judgment. A-1144. Only after plaintiffs submitted the proposed judgment did VNUE for the first time object to plaintiffs' damage calculation based on a contention that the warrants "were never exercised." A-1200. Notably, VNUE only raised the issue in its very last submission to the

court – a letter, one paragraph of which contended without authority that no damages should be awarded in connection with warrants that plaintiffs did not exercise. *Id.*

While it may be tempting to credit VNUE with a moment of candor in having "discovered" the issue of the warrants having never been exercised, *see* A-1200, the candor is not genuine. As noted above, VNUE's position at trial was limited to challenging on the basis of usury the amendments pursuant to which it was required to issue the warrants to plaintiffs. A-762. Had it sought to make exercise of the warrants an issue at trial, plaintiffs easily could and would have demonstrated that VNUE would not issue either the warrants or the shares. Thus, characterizing the belated position as a "discovery" was nothing more than an attempt at putting a favorable spin on an invalid argument previously discarded in favor of the usury defense which the court correctly rejected and which VNUE has not raised on appeal.

The district court reasonably rejected as untimely VNUE's new objection respecting the warrants. In a separate order, the court ruled:

> [T]he defendant objects to the inclusion in the damages award of the value of the common stock purchase warrants ("Warrants"). The plaintiffs were entitled to the Warrants under the April 29, 2019 second amendments to six of the seven promissory notes, and the defendant never delivered them to the plaintiffs. The plaintiffs pursued this claim based on the Warrants at the trial and included the value of the Warrants in their damages

> calculation submitted into evidence at trial. The
> defendant made no objections to the inclusion of the
> Warrants in the plaintiffs' damages calculations, and
> presented no evidence or argument as to why the claim
> based on the Warrants should be resolved differently than
> the remainder of the claims based on the notes. The
> defendant's objection is therefore untimely.

A-1203-1204. The district court acted within its discretion in declining to revisit

the issue of damages based on a last-minute position that VNUE could have but

did not raise at trial. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d

1245, 1255 (2d Cir. 1992) (discussing the discretionary nature of the law of the

case doctrine and the court's power to reconsider its own decisions prior to final

judgment).

Following the denial of its new objection, VNUE declined to present the

issue to the court in a formal manner by means of a motion under either Federal

Rule of Civil Procedure 59(e) (motion to alter judgment) or 60(b) (motion for relief

from judgment), and the time in which to make such motions long ago expired.

Presumably, VNUE recognized the futility of either motion. *E.g., Suber v. VVP*

*Servs., LLC*, Case No. 20-cv-8177, 2022 U.S. Dist. Lexis 103518, at *3, 2022 WL

2078197 (S.D.N.Y. June 9, 2022) ("'A motion for reconsideration may not be used

to advance new facts, issues or arguments not previously presented to the Court,

nor may it be used as a vehicle for relitigating issues already decided by the

Court.'" (quoting *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y.

2009)).  Consequently, it is only in connection with the instant appeal that VNUE

for the first time presents legal argument respecting its new position that plaintiffs

were required to attempt to exercise the warrants in order to recover damages.  *See*

Ap. Br. at 22; *see also Mago Int'l v. LHB AG*, 833 F.3d 270, 274 (2d Cir. 2016)

(declining to set aside district court's judgment where plaintiff "did not move for

reconsideration or otherwise argue this point, it simply filed a notice of appeal").

**B.    Defendant's Objection to the Award of Damages in Connection
       with the Warrants is Unpreserved for Appellate Review.**

"'[I]t is a well-established general rule that an appellate court will not

consider an issue raised for the first time on appeal.'"  *In re Nortel Networks Corp.*

*Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (quoting *Greene v. United States,* 13

F.3d 577, 586 (2d Cir. 1994)); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,

396 F.3d 96, 124 n.29 (2d Cir. 2005) ("The law in this Circuit is clear that where a

party has shifted his position on appeal and advances arguments available but not

pressed below, … waiver will bar raising the issue on appeal." (internal quotation

marks and citation omitted)).  While the Court has "some discretion to consider

forfeited arguments," it generally will not exercise that discretion "where the

forfeited argument was 'available to the parties below and they proffer no reason

for their failure to raise the arguments below.'"  *Siemens Energy, Inc. v. De*

*Venezuela*, 82 F.4th 144, 160 (2d Cir. 2023) (quoting *United States v. Gomez*, 877

F.3d 76, 95 (2d Cir. 2017)).  Thus, this Court declined to consider an argument

first raised in sur-reply to a motion and where no justification was offered for the delay in raising the issue. *LCS Grp., LLC v. Shire Dev. LLC*, 2022 U.S. App. LEXIS 11212, at *13-14, 2022 WL 1217961 (2d Cir. Apr. 26, 2022). Similarly, an argument was not preserved for appellate review where it was presented in a single sentence to the district court and no explanation was proffered for not pressing the argument in the court below. *Andritz Hydro Canada, Inc. v. Rochester Gas*, 2023 U.S. App. LEXIS 26309, at *2-4, 2023 WL 6458633 (2d Cir. Oct. 4, 2023).

In the instant case, VNUE did not even once object at trial to plaintiffs' calculation of their damages for breach of contract in failing to deliver the warrants. It first raised the issue in a single paragraph in a letter that was the very last submission to the court by any party. A-1200. And, as for that one paragraph, it failed to include any authority for the belated objection.

Moreover, in its brief to this Court, VNUE proffers no explanation for the failure timely or properly to raise the issue below. The fact is that it does not have one. Its strategy was deliberate; challenge the amendments on the basis of usury and steer clear of its misconduct in refusing to issue or honor the warrants. Thus, the circumstances present not merely a forfeiture of the argument, but an intentional waiver in favor of a different defense – usury – that ultimately failed. *See LCS Grp., LLC v. Shire Dev. LLC*, 2022 U.S. App. LEXIS 11212, at *13 (explaining the distinction between forfeiting and waiving an issue).

18

Even if the issue of damages warranted review by this Court, which it does not, VNUE's argument for damages based on the warrants not having been exercised is misplaced. Plaintiffs' claims were for breach of contract for failure to deliver the warrants. *See* A-33-34 (fifth and sixth causes of action). The claims at bar, therefore, are similar to those advanced in *Diamond v. ShiftPixy, Inc.*, Case No. 20-cv-7305, 2021 U.S. Dist. LEXIS 135478, at *30, 2021 WL 3085405 (S.D.N.Y. July 19, 2021) (breach of contract for failure to deliver warrants), and *Clarex Ltd. v. Natixis Sec. Ams. LLC*, Case No. 12-cv-7908, 2014 U.S. Dist. LEXIS 121335, at *1-2, 2014 WL 4276481 (S.D.N.Y. Aug. 29, 2014) (breach of contract for failure to deliver warrants). VNUE's authority, in contrast, does not address the nondelivery of warrants. Rather, it concerns a defendant's refusal to deliver stock upon the attempted exercise of a stock option. *See* Ap. Br. at 22 (citing *Hermanowski v. Acton Corp.*, 580 F. Supp. 140, 143-144 (E.D.N.Y. 1983), *rev'd in part*, 720 F.2d 921 (2d Cir. 1984). Assuming *arguendo* that stock options are analogous to warrants, the case still is inapposite because, unlike that case where the stock option had been issued, here plaintiffs never received the warrants.

## C. There is no Manifest Injustice in the Damages Awarded to Plaintiffs for Defendant's Non-Delivery of the Warrants.

Lastly, VNUE fails to demonstrate that appellate review is warranted to prevent a "manifest injustice." *Nortel Networks Corp. Sec. Litig.*, 539 F.3d at 133. Instead, it offers bold pronouncements respecting plaintiffs' damages for which

there is no support in the record.  *See* Ap. Br. at 22 ("Plaintiffs simply picked the single highest trading price in the entire life of the warrant…").  What is in the record is the unchallenged testimony and calculations presented by plaintiffs' managing member, David Whitlock.  VNUE's contrary view, presented only on appeal, finds no support in the record for the simple reason that VNUE chose not to challenge Whitlock on plaintiffs' calculation of damages.  In short, VNUE's appeal relies on speculation respecting an issue that it declined to pursue at trial.  Given the circumstances, the judgment should be affirmed.

## Conclusion

For all of the foregoing reasons, the judgment of the district court should be affirmed.

Dated:  January 12, 2024

The Law Offices of
DANIEL S. STEINBERG P.C.


By: /s/ Daniel S. Steinberg
Daniel S. Steinberg
*Attorneys for Plaintiff-Appellee*
355 Lexington Ave, Suite 401
New York, NY 10017
212.666.3316

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the Type-volume and page limits of Fed. R. App. P. 27(d), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,604 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Daniel S. Steinberg
Daniel S. Steinberg